UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAMANA KENT                                              CIVIL ACTION

VERSUS                                                    NO. 25-621-BAJ-RLB

TURNER INDUSTRIES

**ORDER**

Before the Court are Plaintiff's Motion to Compel EEOC Submissions and to Declare Arbitration Agreement Unenforceable (R. Doc. 6), Motion to Compel Discovery (R. Doc. 7), and Motion for Summary Judgment (R. Doc. 8).

On July 14, 2025, Shamana Kent, who is proceeding *pro se* and *in forma pauperis*, commenced this action for wrongful termination under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act naming "Turner Industries" as the sole defendant. (R. Doc. 1; *see* R. Doc. 3).

On July 30, 2025 Plaintiff filed an Amended Complaint, as allowed as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, raising additional claims, and naming as defendants Turner Industries Group, L.L.C., Rubicon, LLC, and International Association of Iron Workers Local 623. (R. Doc. 5). Plaintiff filed the instant motions on the same day.

The Clerk's Office has not yet issued summons for the defendants named in the Amended Complaint. The named defendants have not made an appearance in this action and, therefore, cannot oppose any of the motions filed.

In general, discovery cannot commence in this proceeding until the named defendants have made an appearance and the parties have held a discovery conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as

required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). Furthermore, a party cannot seek to compel discovery responses prior to the service of the underlying discovery requests and an opportunity for the opposing party to respond to those discovery requests. *See* Fed. R. Civ. P. 37. Accordingly, Plaintiff's motions seeking to compel the production of documents, or any substantive relief with respect to information sought in discovery, are denied as prematurely filed.

Similarly, Plaintiff's Motion for Summary Judgment is prematurely filed. The named defendants have not made an appearance or participated in discovery. To the extent applicable, the Court finds it appropriate to deny the Motion for Summary Judgment as prematurely filed to allow the parties to proceed with discovery prior to ruling on a motion for summary judgment at this early stage in the proceedings. *See* Fed. R. Civ. P. 56(d).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel EEOC Submissions and to Declare Arbitration Agreement Unenforceable (R. Doc. 6), Motion to Compel Discovery (R. Doc. 7), and Motion for Summary Judgment (R. Doc. 8) are **DENIED WITHOUT PREJUDICE** to refile after the named defendants have made an appearance and the parties have had the opportunity to engage in discovery.

**IT IS FURTHER ORDERED** that the Clerk's Office shall issue summons for the named defendants in the Amended Complaint (R. Doc. 5). Plaintiff remains responsible for service of summons and complaint on the defendants.

**IT IS FURTHER ORDERED** that Plaintiff must obtain leave of court, or written consent of the opposing parties, prior to filing any further amended pleadings in this action. *See* Fed. R. Civ. P. 15(a)(1)-(2).

Signed in Baton Rouge, Louisiana, on August 4, 2025.

  _____
  **RICHARD L. BOURGEOIS, JR.**
  **UNITED STATES MAGISTRATE JUDGE**