UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAMANA KENT                                              CIVIL ACTION

VERSUS

TURNER INDUSTRIES                                 NO. 25-00621-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff's **Amended Civil Rights Complaint For Damages, Injunctive Relief, And Declaratory Relief (Doc. 5)**, which the Court construes as a Request for a Temporary Restraining Order ("TRO"), a Request for a Preliminary Injunction, and a Complaint.

In her original Complaint (Doc. 1), Plaintiff, proceeding *pro se*, asserted wrongful termination and discrimination claims under the Americans with Disabilities Act of 1990 (the "ADA") and Title VII of the Civil Rights Act of 1964 against Defendant Turner Industries, her former employer. Plaintiff subsequently filed an Amended Complaint which asks the Court to provide "emergency relief to reinstate income and allow for continued care." (Doc. 5 at 3–4). Plaintiff's Amended Complaint added Defendants Rubicon, LLC and International Association of Iron Workers Local 623. (*Id.* at 1). The Amended Complaint additionally asserts claims for retaliation for protected activity "under the ADA and [Occupational Safety and Health Administration ("OSHA")]," misrepresentation and suppression of material facts in Equal Employment Opportunity Commission ("EEOC") proceedings, negligent supervision and denial of medical treatment, violation of OSHA

"recordability requirements," "[j]oint employer liability under Title VII and labor law," and "[f]ailure of duty of fair representation [from the] (Iron Workers Union)." (*Id.* at 2).

Plaintiff alleges that she injured her foot while stepping out of a "lockout-tagout" trailer while working as a temporary laborer for Defendant Turner Industries. (*Id.* at 1–2). Plaintiff asserts that a subsequent MRI revealed a torn ligament, bone contusion, and chronic swelling. (*Id.* at 2). Plaintiff further asserts that in communications with the Equal Employment Opportunity Commission, Defendant Turner Industries, its medical contractors, and workers' compensation providers all mischaracterized the injury as a sprain. (*Id.* at 2). Plaintiff contends that Defendant Turner Industries provided this knowingly false information to avoid "recordable OSHA classification and liability." (*Id.*). Plaintiff additionally contends that Defendant Turner Industries subsequently laid her off in a pretextual reduction in force in which she was misclassified as a "laborer." (*Id.*).

While the emergency relief Plaintiff seeks is not abundantly clear from her Amended Complaint, it appears that she generally seeks a TRO requiring Defendant Turner Industries to rehire her and correct records that document the nature of Plaintiff's injury so that she can receive proper workers' compensation benefits. (*See* Doc. 5).

A review of the record indicates that Plaintiff has not yet served any of the Defendants. Plaintiff does not affirm that she has provided notice of any kind to Defendants, nor does she explain why such notice should not be required. (*See id.*).

2

Rule 65(b)(1) governs Plaintiffs' request for a TRO and provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B) (emphasis added).

While the Court is aware that Plaintiff is proceeding *pro se*, she has failed to comply with the second requirement of Rule 65(b)(1). Plaintiff's Amended Complaint does not include a certificate describing her efforts to provide notice to Defendants' attorneys, nor does it explain the reasons why such notice should not be required. (*See* Doc. 5).

Plaintiff's failure to comply with Rule 65(b)(1)'s notice requirements, standing alone, is a sufficient basis to deny her request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16 - cv - 632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same). Moreover, Plaintiff failed to articulate her request for a TRO in a document separate from her Complaint. *See* Local Civil Rule 65 (specifying that "[a]n application for a temporary restraining order or for a preliminary injunction shall be made in a document separate from the complaint and if not, may not be considered by the Court").

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a TRO be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that upon service of process, Defendant Turner Industries shall have 21 days to file a response to Plaintiff's request for a preliminary injunction.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint be and is hereby **REFERRED** to the Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Baton Rouge, Louisiana, this 19th day of August, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA